**SO ORDERED: October 25, 2024.**



**Andrea K. McCord**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| SARA BETH SCHNEIDER, | )  CASE NO. 24-70082-AKM-7A |
| | ) |
| Debtor | ) |
| | ) |

**ORDER SUSTAINING DEBTOR'S AMENDED OBJECTION TO TRUSTEE'S REPORT OF POSSIBLE ASSETS (DOCKET ENTRY NO. 34)**

THIS MATTER comes before the Court following the evidentiary hearing held August 21, 2024 (the "Hearing), on the Debtor's Amended Objection to Trustee's Report of Possible Assets (Docket Entry No. 34, the "Objection"). The Debtor disagrees with the Trustee's characterization of certain monthly payments (the "Current Payment Obligation") owed to the Debtor by the Debtor's ex-spouse (the "Ex-Spouse") under the Agreed Amendment to Summary Decree of Dissolution of Marriage between the Debtor and the Ex-Spouse (the "Amended Decree"). The Trustee asserts that the Current Payment Obligation arises out of a property settlement in the parties' divorce, making it an asset of the Debtor's bankruptcy estate. The Debtor asks the Court

1

to determine that the Current Payment Obligation is "in the nature of child support" and, therefore, not property of the bankruptcy estate.[1]

The payment obligation at issue here originally arose out of the Summary Dissolution of Marriage Decree and Waiver of Final Hearing (the "Original Divorce Decree") governing the Debtor's and the Ex-Spouse's divorce. Among other things, the Original Divorce Decree required that the Ex-Spouse pay $200 per week as child support for the parties' daughter (the "Express Child Support"). Under Section 7 of the Original Divorce Decree, titled "Residence for Wife," the Ex-Spouse was also required to pay the Debtor $170,000 "as an asset equalization payment" in monthly installments of approximately $812 (the "Original Payment Obligation"), to allow the Debtor to construct a home on undeveloped property awarded to the Debtor in the divorce. According to that provision, "[t]his asset equalization payment is intended to compensate Wife for the value of the real estate and business interests that Husband is retaining."

The Original Divorce Decree was later amended by the Amended Decree in response to the Debtor's decision to purchase rather than construct a home. Under Section 2 of the Amended Decree, titled "Asset Equalization Payment," the Ex-Spouse must now make monthly payments of $650 to the Debtor, up to a total of $120,000, as an "asset equalization payment."[2] Aside from this change, and a minor change regarding division of personal property, the Amended Decree is silent as to other provisions of the Original Divorce Decree.

---

[1] The Debtor also asks the Court to order the Trustee to abandon the Current Payment Obligation; however, if the Court determines that the Current Payment Obligation is in the nature of child support, it would not be property of the Debtor's bankruptcy estate and, therefore, would not need to be ordered abandoned by the Trustee. *See* 11 U.S.C. § 541(d).

[2] The Ex-Spouse in fact has been making $660 monthly payments directly to the Debtor's mortgage holder. At the date of the Debtor's petition, $64,000 of the $120,000 remained to be paid under the Amended Decree.

The Trustee looks to the language of the Original Divorce Decree and the Amended Decree describing the Original Payment Obligation and the Current Payment Obligation, respectively, as an "asset equalization payment" to assert that the parties intended that it be a property settlement rather than child support. Looking at such language alone might lead to that belief. The Court, however, must look beyond the bare language and consider "the totality of circumstances" to determine the divorcing parties' true intent. *See In re Hurst*, 2016 Bankr. LEXIS 2532 *4 (Bankr. S.D.Ind. 2016) (decided in the context of 11 U.S.C. § 523(a)(5), but equally applicable in this context).

Federal law determines whether an obligation is in the nature of support or a property settlement. *Id.* at *5. A bankruptcy court is not bound by the state court's characterization of the obligation, but generally the intent of the state court is dispositive. *Id*. However, where, as here, the state court approves an agreement reached by the divorcing parties, "it is the parties' intent that is dispositive." *Id.* at *6. Factors comprising the "totality of circumstances" in this context include the following: (1) the parties' shared intent at the time of divorce; (2) the substance of the obligation and the function it was intended to serve; (3) the placement of the obligation within the decree and the label given to it and the context in which it appears; (4) the number and frequency of payments; (5) whether the payment is a lump sum or payments over time; (6) how the obligation is treated for tax purposes; and (7) whether the obligation terminates upon death or remarriage. *Id.* at *5.

Of the foregoing, the third, and perhaps seventh, factors favor the Trustee's position. The description of the Ex-Spouse's payment obligation as an "asset equalization payment" in the Original Divorce Decree and the Amended Decree, as well as the inclusion in the Original Divorce Decree of the separate Express Child Support section fit within the third factor. As to the seventh

factor, although the documents do not expressly state whether the Ex-Spouse's obligation terminates upon death or remarriage, there is language requiring the Ex-Spouse to maintain life insurance to fund payment of unpaid obligations upon his death.

The remainder of the factors for which there is evidence--the first, second, fourth and fifth factors--favor the Debtor's position.[3] With respect to the first and second factors, both the Debtor and the Ex-Spouse testified at the Hearing, credibly, that they intended that the monthly payments comprising the Original Payment Obligation and, later, the Current Payment Obligation, be a form of child support, to ensure that their daughter had acceptable housing while residing with the Debtor. In fact, following entry of the Amended Decree, the Ex-Spouse stopped paying the Express Child Support, with the apparent acquiescence of the Debtor.[4] Regarding the fourth and fifth factors, the Court notes that the Current Payment Obligation (and the Original Payment Obligation) is structured like a typical support obligation; that is, multiple, regular payments over time rather than a single, lump-sum payment.

In balancing the factors described above, certain circumstances lead the Court to place less weight on the third factor. The Debtor was not represented by legal counsel during the parties' divorce proceedings. Based on her testimony at the Hearing, she clearly did not understand the use of the "asset equalization payment" language (to the extent that she was even aware of it) to mean that the Original Payment Obligation and, later, the Current Payment Obligation constituted a property settlement rather than child support. The Ex-Spouse was represented by counsel in the divorce proceedings and his attorney drafted both the Original Divorce Decree and the Amended

---

[3] There is no evidence regarding how the parties treated the obligation for tax purposes (the sixth factor).
[4] The Amended Decree is silent as to the Express Child Support, so arguably it did not amend that provision of the Original Divorce Decree. Nevertheless, the fact that the parties discontinued the Express Child Support lends additional credibility to their testimony regarding their intent concerning the Current Payment Obligation.

4

Decree. Nevertheless, like the Debtor, the Ex-Spouse's testimony shows that he did not attach any significance to the "asset equalization payment" language of the documents. There was no testimony showing that the Ex-Spouse's attorney ever explained his intention in drafting Section 7 of the Original Divorce Decree or its amendment. The Ex-Spouse assumed that the language of the documents reflected his and the Debtor's intention that the payment obligation be a form of child support. Finally, the fact that there was a separate Express Child Support provision in the Original Divorce Decree does not by itself preclude other child support provisions being included in that agreement.

On balance, based on the totality of circumstances discussed above, the Court finds that the Current Payment Obligation is more in the nature of support than a property settlement. Therefore, the Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED AND ADJUDGED that the Objection is SUSTAINED.

# # #